# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHERRY HARDEN,

   Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

Case No. 16-12394
HON. TERRENCE G. BERG
HON. STEPHANIE D. DAVIS

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (DKT. 25) AND ADOPTING REPORT AND RECOMMENDATION (DKT. 24)

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the Administrative Law Judge ("ALJ") erred as a matter of law in finding that Plaintiff was not eligible to receive Social Security benefits and whether that finding is supported by substantial evidence on the record as a whole.

Before the Court is Magistrate Judge Stephanie Dawkins Davis's August 24, 2017 Report and Recommendation (hereinafter "R&R") (Dkt. 24). Magistrate Judge Davis concluded that the ALJ's denial of Social Security disability benefits was correct and therefore recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 16), grant

Defendant's motion for summary judgment (Dkt. 21), and affirm the findings of the Commissioner. Dkt. 24, Pg. ID 979. Plaintiff Sherry Harden filed Objections to the Magistrate's R&R (Dkt. 25).

## I. BACKGROUND

The relevant facts in this case were summarized in Magistrate Judge Davis's R&R, Dkt. 24, Pg. IDs 956-65, and those facts are adopted for purposes of this order. Plaintiff raises four objections to the R&R, Dkt. 25, to which the Commissioner has responded. Dkt. 26. For the reasons stated below, Plaintiff's objections are **OVERRULED,** Judge Davis's R&R is **AFFIRMED**, Plaintiff's motion for summary judgment is **DENIED**, defendant's motion for summary judgment is **GRANTED**, and the findings of the Commissioner are **AFFIRMED**.

## II. STANDARD OF REVIEW

Any party may object to and seek review of an R&R, but must act within fourteen days of service of the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections a party has to an R&R. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991). The district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(c). The district court judge may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*

As noted in Judge Davis's R&R, "[i]n enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious." Dkt. 24, Pg. ID 965 (citing *Sullivan v. Zebley,* 493 U.S. 521 (1990)). Accordingly, this Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). In so reviewing, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). The reviewing court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different

conclusion." *McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006).

## III. ANALYSIS

Plaintiff raises four objections to Magistrate Judge Davis's recommendation that the Court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the findings of the Commissioner. Dkt. 24, Pg. ID 979.

1. The R&R erred in recommending a finding that the ALJ properly evaluated Plaintiff's foot condition and the effects of her foot surgery;

2. The R&R erred in recommending a finding that the ALJ provided good reasons supported by substantial evidence for rejecting Plaintiff's credibility;

3. The R&R erred in recommending a finding that Dr. Czesnowski's opinion concerning Plaintiff's limitations was not a "medical opinion" and that the ALJ properly evaluated it;

4. The R&R erred in recommending a finding that the ALJ had no duty to inquire about apparent conflicts between the Vocational Expert ("VE") testimony and the Dictionary of Occupational Titles ("DOT").

Dkt. 25. The Court will address each objection in turn.

### A. Objection 1: The R&R erred in recommending a finding that the ALJ properly evaluated Plaintiff's foot condition and the effects of her foot surgery.

Plaintiff objects to the R&R's finding that the ALJ properly evaluated Plaintiff's os peroneum foot condition and the effects of surgery on her

4

foot relating to that condition. Dkt. 25, Pg. ID 983-87. More specifically, Plaintiff argues:

> [C]ontrary to the Magistrate Judge's statement, the ALJ largely ignored Ms. Harden's painful os peroneum or the effects of her surgery, not even finding these to be severe impairments or explaining how the RFC finding accounted for them. Ms. Harden has correctly argued that the ALJ failed to provide analysis of the conditions, failed to explain how the RFC finding accounted for them if at all, and failed to base the RFC finding on all the relevant medical and other evidence in the case as required."

Dkt. 25, Pg. IDs 984-85.

Although Plaintiff underwent surgery to correct her os peroneum condition, Plaintiff maintains that the surgery was botched, resulting in permanent nerve damage and numbness, which Plaintiff argues the ALJ failed to give appropriate weight. Dkt. 25, Pg. ID 986-87. Plaintiff specifically takes issue with Judge Davis's statement that the ALJ not only mentioned the condition and surgery, but provided a full description and discussion of it. Dkt. 25, Pg. ID 983. Plaintiff argues that the ALJ's mere summarization is not equivalent to a careful analysis, and the ALJ failed to explain how these conditions affected Plaintiff's residual functional capacity (RFC). Dkt. 25, Pg. IDs 984-95.

The Commissioner replies by arguing that the ALJ adequately addressed Plaintiff's foot condition and the resulting surgery in its decision. Dkt. 26, Pg. ID 1001 (referencing Dkt. 21, Pg. IDs. 920-21). The Commissioner cites the ALJ's specific discussion of Plaintiff's os peroneum condition, the surgery Plaintiff received for that condition,

Plaintiff's state thereafter, and the impact on the ALJ's decision. Dkt. 26, Pg. ID 1001 (citing Dkt. 21, Pg. IDs 5-9, 22-25).

Plaintiff's argument that the ALJ merely summarized Plaintiff's 2013-2015 medical history as it pertained to plaintiff's left foot/ankle condition is not well taken. A review of the ALJ's decision shows that it contains an analysis of Plaintiff's os peroneum condition and an explanation of its impact on the ALJ's determination of Plaintiff's residual functional capacity ("RFC"). The ALJ's fifth finding addresses Plaintiff's RFC. Dkt. 11-2, Pg. ID 65-70. There, the ALJ explains that she determined Plaintiff's RFC "after careful consideration of the entire record" including consideration of "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Dkt. 11-2, Pg. ID 65. Indeed, after providing background to Plaintiff's os peroneum condition and surgery, the ALJ highlighted that within six months after surgery, Plaintiff reported pain improvement; that in May 2014, Plaintiff's primary care physician noted that Plaintiff's urine drug screen was negative for opiate medications; and that Plaintiff would no longer be prescribed any controlled substances. Dkt. 11-2, Pg. ID 67. The ALJ found that "[t]his suggests that the claimant was exaggerating the extent of her pain and other limitations in an effort to obtain her medication of choice, rather than due to an exacerbation of her symptoms." Dkt. 11-2, Pg. ID 67. Furthermore, the ALJ noted that Plaintiff's post-surgery actions—

6

specifically, the lack of any complaints of foot pain between July 2014 and December 2014 and during subsequent appointments with Dr. Czesnowski—"suggest that the claimant's surgery was successful at resolving her left foot/ankle issues." Dkt. 11-2, Pg. ID 68. The ALJ also explained:

> Furthermore, while the claimant did seek out treatment for her foot/ankle pain from a specialist in January 2014 . . . the record also reflects that she experienced significant pain improvement within a year of surgery, a conclusion supported by Dr. Czesnowski's records. Therefore, it is determined that the claimant's foot/ankle problems never consistently prevented the limited range of sedentary work described above."

Dkt. 11-2, Pg. ID 68.

Upon reviewing Plaintiff's objection and the underlying record, the Court finds that Plaintiff's first objection is not well founded. Plaintiff's objection that the ALJ committed reversible legal error by failing to properly evaluate her os peroneum and Plaintiff's 2014 surgery to correct that condition is belied by the record. The record shows that the ALJ based her findings regarding Plaintiff's foot condition on the entire record, including Plaintiff's surgery to correct the condition, Plaintiff's behavior after the surgery—such as Plaintiff's lack of complaints of foot pain shortly thereafter and evidence suggesting significant pain improvement within a year of surgery—and evidence suggesting Plaintiff stopped taking pain medications in May 2014. Dkt. 11-2, Pg. ID 65, 67. This evidence reflects "such relevant evidence as a reasonable mind

might accept to support the ALJ's conclusion." *See Bass*, 499 F.3d at 509 (6th Cir. 2007). Thus, the Court finds that the ALJ's decision regarding Plaintiff's os peroneum condition and its impact on Plaintiff's RFC is supported by substantial evidence. This Court therefore **OVERRULES** plaintiff's objection and **AFFIRMS** Magistrate Judge Davis's finding that the ALJ properly evaluated Ms. Harden's os peroneum foot condition and the effects of her foot surgery.

**B. Objection 2: The R&R erred in recommending a finding that the ALJ provided good reasons supported by substantial evidence for rejecting Plaintiff's credibility.**

Plaintiff argues that the ALJ failed to provide "good reasons" supported by substantial evidence for rejecting her credibility. Dkt. 25, Pg. ID 987. Plaintiff specifically takes issue with how the ALJ and Judge Davis considered Plaintiff's part-time employment and other activities as indications of her functionality, which they found to weigh against Plaintiff's credibility. Dkt. 25, Pg. ID 988. Plaintiff contends that the ALJ mischaracterized Plaintiff's testimony regarding the nature and extent to which she drives. Dkt. 25, Pg. Id 988. According to the ALJ, Plaintiff stated that she drives at least twice per week, however the trial transcript indicates Plaintiff testified that she drives "Maybe twice a week, maybe. If I have to do something." Dkt. 11-2, Pg. ID 84. Plaintiff also argues that the R&R puts forward a "vague proposal that any invocation of part-time work by an ALJ to discount credibility is

8

automatically proper," and urges the court to not adopt the R&R. Dkt. 25, Pg. ID 988.

In response, the Commissioner argues that Plaintiff has failed to establish that the Court should take the "extraordinary step of striking down the ALJ's credibility determination." Dkt. 26, Pg. ID 1001. Indeed, as Magistrate Judge Davis noted, "'it is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of claimant . . . [though] such determinations must find support in the record.'" Dkt. 24, Pg. ID 972 (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *see also Schmiedebusch v. Comm'r of Soc. Sec.,* 536 Fed. Appx. 637, 649 (6th Cir. 2013) ("We accord an ALJ's credibility determinations great weight and deference, and are limited to evaluating whether the ALJ's explanations for partially discrediting a claimant's testimony are reasonable and supported by substantial evidence in the record.")). Relying on the authorities cited in its motion for summary judgment, the Commissioner argues that the ALJ properly weighed Plaintiff's part-time work *and* other significant evidence in finding Plaintiff's disability allegations less than fully credible. Dkt. 26, Pg. IDs 1001-02 (referencing Dkt. 21, Pg. IDs 9-14).

Ultimately, the ALJ found that Plaintiff's activities and behavior suggested a level of functionality greater than her claimed disabilities would permit. Dkt. 11-2, Pg. ID 66. This Court affirms Magistrate Judge Davis's recommendation that the ALJ properly exercised discretion in

9

considering part time work performed by Plaintiff during the alleged disability period when assessing Plaintiff's credibility. Dkt. 24, Pg. ID 972. As cited by both parties, 20 C.F.R. §§ 404.1571, 416.971 provides that an ability to perform work at less than the substantial gainful activity level "may show that you are able to do more work than you actually did." *Id.*

As detailed above, on substantial evidence review, reviewing courts uphold the agency's inferences regardless of whether another reasonable, and even a potentially opposite, inference could have been drawn. *See, e.g., Young v. Sec'y of Health & Human Servs.,* 787 F.2d 1064, 1066 (6th Cir. 1986). Here, the Court finds substantial evidence supports the ALJ's credibility determination. As Judge Davis's R&R explains:

> [T]he ALJ's finding that Plaintiff's credibility was reduced was based on the combination of several factors, with no one factor being determinative. For instance, the ALJ found that plaintiff provided inconsistent information regarding the effectiveness of opiate mediation for her pain (Tr. 36), reported extreme symptoms, including being "barely able to walk," despite the fact that emergency room personnel observed her ambulating with no difficulty (*Id.*), received only routine and/or conservative treatment for the allegedly disabling impairments, and went months without receiving any treatment. *Id.*

Dkt. 24, Pg. ID 973.

Plaintiff points to other evidence before the ALJ that could weigh in favor of a different credibility finding than the one the ALJ reached. Dkt. 25, Pg. ID 989-90. Even so, the issue before this Court is whether the ALJ's decision is supported by substantial evidence in the record, not

whether another finding may also be supported by the evidence. *See McClanahan,* 474 F.3d at 833. Although Plaintiff is correct that the ALJ somewhat misstated Plaintiff's testimony by saying that she drives "at least twice per week," when she actually testified she drove "maybe twice a week" but only when she needed to do so, this error is not material where the ALJ relied on several other factors as well. It does not appear that this mischaracterization had a significant impact on the ALJ's credibility finding, or on Magistrate Judge Davis's finding affirming the same. As cited above, Judge Davis affirmed the ALJ's credibility determination based on a "combination of several factors" with no one factor being determinative. Dkt. 24, Pg. ID 973. Thus, the Court finds that the record contains substantial evidence upon which the ALJ could rely in discounting Plaintiff's credibility. This Court therefore **OVERRULES** Plaintiff's second objection and **AFFIRMS** Judge Davis's recommendation that the ALJ did not err in assessing Plaintiff's credibility.

### C. Objection 3: The R&R erred in recommending a finding that Dr. Czesnowski's opinion concerning Plaintiff's limitations was not a "medical opinion" and that the ALJ properly evaluated it.

Plaintiff also argues that the ALJ erred by discounting the opinions of Dr. Czesnowski. Dkt. 25, Pg. IDs 992-994. Specifically, Plaintiff argues that Dr. Czesnowski's statements plainly identify the medical and functional limitations he agrees are experienced by Plaintiff as a result

of her condition, and therefore constitute a "medical opinion." Dkt. 25, Pg. ID 993. Plaintiff argues that the ALJ and Magistrate Judge Davis improperly concluded that Dr. Czesnowski's statements were not a medical opinion and further that the ALJ's reasons for discrediting Dr. Czesnowski's opinion are not supported by substantial evidence. *Id.*

The Commissioner replies by referencing the argument in its motion for summary judgment, Dkt. 21, that the ALJ offered extensive reasons for assigning "very little weight" to Dr. Czesnowski's opinion. Dkt. 21, Pg. ID 930. The Commissioner argues the ALJ reasonably concluded that Dr. Czesnowski's opinion merely repeated plaintiff's allegations, rather than providing a medical opinion pursuant to SSR 03-3p. *Id.*

The Sixth Circuit has held that it is not improper for an ALJ to consider whether a physician has identified objective medical findings to support a medical opinion. *See Price v. Comm'r of Soc. Sec.,* 342 Fed. Appx. 172, 176 (6th Cir. 2009). Reviewing Dr. Czesnowski's March 13, 2015 medical source statement, Dkt. 11-7, Pg. IDs 572-78, and her treatment records, it is clear they do not contain objective medical findings, such as physical exam results, x-ray findings, lab tests, or similar test results that address and explain how the nature and severity of Plaintiff's impairments restrict or impact her ability to work. This Court agrees with Magistrate Judge Davis' finding that the medical source statement reflects a "recitation of plaintiff's subjective reports of symptoms and restrictions, and a series of checked off functional

limitations without supporting explanation or clinical records." Dkt. 24, Pg. ID 976-77. In response to instructions to provide the medical or clinical findings to support the physician's assessment or limitations and why, Dr. Czesnowski responds with statements referencing Plaintiff's descriptions of her symptoms and history. Dkt. 11-7, Pg. IDs 572-78. While medical history is one of the sources that a physician may reference, the report lacks any objective determinations about the nature and severity of Plaintiff's symptoms. There is no medical opinion from Dr. Czesnowski addressing what the Plaintiff can still do despite her impairment(s) and physical/mental restrictions, nor is there any explanation for her conclusions. Although Dr. Czesnowski's treatment records from prior visits indicate some clinical findings,[1] these records lack any medical findings as to the impact of Plaintiff's condition on her ability to work. The Magistrate Judge was justified in giving Dr. Czesnowski's opinion less weight.

Thus, upon reviewing the record, Plaintiff's objections, and Defendant's reply, this Court **OVERRULES** Plaintiff's third objection and **AFFIRMS** Magistrate Judge's recommendation that substantial

---

[1] For instance, Dkt. 11-8, Pg. ID 581 is a medical record documenting Plaintiff's visit to Dr. Czesnowski on December 8, 2014, where Dr. Czesnowski identifies "Lumbar paraspinal muscle tenderness noted on exam" and "muscle spasms noted on exam." *Id.* However, in Dr. Czesnowski's subsequent medical source statement, Dkt. 11-7, Pg. IDs 572-78, Dr. Czesnowski refers to Plaintiff's own recitation of her symptoms and her history of prior diagnoses. Dkt. 11-7, Pg. IDs 572-78.

evidence supports the ALJ's decision to discount the opinions of Dr. Czesnowski.

### D. Objection 4: The R&R erred in recommending a finding that the ALJ had no duty to inquire about apparent conflicts between the Vocational Expert ("VE") testimony and the Dictionary of Occupational Titles ("DOT").

Plaintiff's fourth objection argues that the ALJ failed to question the VE regarding an alleged apparent conflict between the VE's testimony and the Dictionary of Occupational Titles for the three jobs that the VE testified plaintiff could perform. Dkt. 25, Pg. IDs 994-95. Plaintiff argues that the three jobs relied upon by the ALJ require level 3 reasoning, which is in conflict with the ALJ's RFC finding limiting Ms. Harden to unskilled jobs that involve only "simple, routine tasks." Dkt. 25, Pg. ID 996.

The Commissioner again rested on the arguments advanced in her motion for summary judgment, Dkt. 21, Pg. IDs 18-22, where she contended that the ALJ fulfilled her obligation under SSR 00-4p by requesting that the VE inform the ALJ if his testimony was inconsistent with the DOT. Dkt. 26, Pg. ID 1002. The Commissioner also argues that while some courts have found that jobs with a DOT reasoning level of 3 are not consistent with a mental RFC limitation to simple and routine work, the "great majority of courts have ruled to the contrary." Dkt. 21, Pg. ID 934 (citing *Moran v. Comm'r of Social Security,* 40 F. Supp. 3d 896, 930-31 & n.14 (E.D. Mich. 2014)).

The Sixth Circuit has found that, as a matter of law, the ALJ fulfills her duty under SSR 00-4p by asking the VE to identify conflicts with the DOT and by considering and resolving any such conflicts. *See Lindsley v. Comm'r of Social Security,* 560 F.3d 601, 605-06 (6th Cir. 2009). Here, the ALJ specifically asked the VE to inform her if any of the VE's testimony was inconsistent with the DOT. Dkt. 11-2, Pg. ID 117. The VE replied that he would do so. *Id.* Indeed, immediately thereafter, the VE informed the ALJ that the "sit/stand" option was not addressed by the DOT, and that any response to questions about the sit/stand option would be based on the VE's "experience and observations in the labor market." *Id.*

Plaintiff takes issue with the R&R's reliance on *Kepke v. Commr. Of Soc. Sec.,* 636 Fed. Appx. 625, 637 (6th Cir. 2016)—an unpublished opinion—for the proposition that ALJs are not required to investigate to determine the accuracy of a VE's testimony, especially when the claimant fails to bring any conflict to the attention of the ALJ. Dkt. 25, Pg. ID 995. However, *Kepke* reflects good law. Here, since neither the VE nor plaintiff's attorney brought up a potential conflict between the RFC and the DOT reasoning level of the identified jobs, the ALJ did not commit error by relying on the VE's testimony.

Moreover, Plaintiff's argument that there is an "apparent conflict" between the ALJ's RFC finding (limiting Ms. Harden to unskilled jobs that involve only simple routine tasks) and the DOT "level 3" reasoning

15

requirement for the three jobs the VE testified plaintiff could perform also lacks merit. The Sixth Circuit has found that the ALJ and consulting VEs are not bound by the DOT in making disability determinations because the Social Security regulations do not obligate them to rely on the DOT's classifications. *See Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (citing *Conn v. Secretary of Health & Human Services*, 51 F.3d 607, 610 (6th Cir. 1995)). In addition, in an unpublished opinion, the Sixth Circuit has rejected the proposition that jobs requiring reasoning levels two or three are inconsistent as a matter of law with a limitation to unskilled jobs using simple, routine tasks. *Monateri v. Comm'r of Soc. Sec.,* 436 Fed. Appx. 434, 446 (6th Cir. 2011).[2] Dkt. 21, Pg. ID 934. Upon reviewing the record, Plaintiff's objections, and the Commissioner's reply, this Court finds that: 1) the ALJ fulfilled its obligation to inquire about conflicts with the VE under SSR 00-4p; 2) the applicable Social Security regulations do not require the ALJ or VE to adopt the DOT's characterization of occupations; and 3) neither the VE nor Plaintiff's attorney raised the potential conflict between the RFC and DOT

---

[2] Nevertheless, the Court acknowledges that a circuit split exists about whether "reasoning level three" positions are consistent with limitations to simple and routine work. As explained in *Moran v. Commissioner of Social Sec.,* while many circuits find no inconsistency, some courts have found that a level three reasoning requirement precludes simple and routine work. 40 F. Supp. 3d, 896, 931-932 (E.D. Mich. 2014) (explaining the circuit split and collecting cases). As stated, however, the Sixth Circuit has held that neither the Commissioner nor the VE has an obligation to employ the DOT, and there is no precedent that requires the Commissioner to align DOT 'reasoning levels' with RFC classifications. *Id*. (citing *Monateri,* 436 Fed. Appx. at 446).

reasoning level of the identified jobs. Thus this Court **AFFIRMS** Magistrate Judge Davis's R&R that the ALJ did not commit error in relying on the VE's testimony in this regard and **OVERRULES** Plaintiff's fourth objection.

IV. **CONCLUSION**

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, and finds the R&R well-reasoned and supported by the relevant law. The Court will therefore adopt it as this Court's findings of fact and conclusions of law.

Accordingly, Plaintiff's objections are **OVERRULED,** Magistrate Judge Davis's Report and Recommendation is **ADOPTED**. Defendant's motion for summary judgment is **GRANTED**, and this case is **AFFIRMED**.

**SO ORDERED.**

Dated: September 29, 2017     s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 29, 2017.

s/A. Chubb
Case Manager